IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DANA L. MERRITT,

Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

Defendant.

Case No. 6:16-cv-00244-CL

OPINION AND ORDER

CLARKE, Magistrate Judge.

This case comes before the Court on an unopposed motion (#31) for attorney fees under 42 U.S.C. § 406(b) in the amount of $21,700.53, with the actual payment request of $11,232, the amount left after subtracting the $4,559.20 in EAJA fees and $5,909 for work at the administrative level that have already been paid to the plaintiff's attorney. Having reviewed the

proceedings and the amount of fees sought, the Court concludes that the plaintiff's attorney is entitled to the fees requested. The motion (#31) is GRANTED.

## PROCEDURAL BACKGROUND

On February 10, 2016, the plaintiff filed her claim to obtain judicial review of a final decision of the Commissioner, which denied her application for Title XVI supplemental security income disability benefits under the Social Security Act. On October 12, 2017, this Court remanded (#25) Merritt's case for an immediate payment of benefits. On January 8, 2018, this Court granted a stipulated application for the plaintiff's attorney fees pursuant to EAJA in the amount of $4,559.20 (#29); the fees were assigned and made payable to the plaintiff's counsel. On March 14, 2018, the plaintiff's attorney filed this motion for attorney fees under 42 U.S.C. § 406(b). The Commissioner does not oppose counsel's request.

## DISCUSSION

Under 42 U.S.C. § 406(b), a court entering judgment in favor of an SSDI claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009). In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002). Also, in contrast to fees awarded under fee-shifting statutes, under which "nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client," id. at 806, the court-awarded fee is the only way a successful SSDI attorney may recover fees for work performed before the district court. Crawford, 586 F.3d at 1147. In fact, it is a criminal offense

for an attorney to collect fees in excess of those allowed by the court. Id.; 42 U.S.C. § 406(b)(2); see also Gisbrecht, 535 U.S. at 806–07. Thus, when a court approves both an EAJA fee and a section 406(b) fee payment, the claimant's attorney must offset any fees the attorney receives under Section 406(b) with any award the attorney received under EAJA "if the two were for the 'same work.'" Parrish v. Commissioner of Social Sec. Admin., 698 F.3d 1215, 1218 (9th Cir. 2012) (citing Gisbrecht, 535 U.S. at 796).

Under the Supreme Court's decision in Gisbrecht, the court first examines the contingency fee agreement to determine whether it is within the statutory 25% cap. In this case, the plaintiff's counsel submitted the attorney-client contingent-fee agreement (#31-C); the agreement shows federal court appearance, followed by a favorable outcome, will result in a fee of either "such amount that my attorney is able to obtain under the Equal Access to Justice Act (EAJA) or up to 25% of my past due benefits as determined by my attorney pursuant to 42 U.S.C. Section 406(b)."[1] Thus, the terms of the agreement are within the statute's limits.

The next step is to confirm that counsel's fee request does not exceed the statute's 25% ceiling. This determination requires evidence of the retroactive benefits to be paid to the claimant. Counsel has included the "Notice of Award," from the Society Security Administration (#31-A), which states the total retroactive benefits due to the plaintiff to be in the amount of $88,231.00. Plaintiff's attorney notes however, that this amount includes past due benefits through October 2017 when it should only be calculated through September 2017. Therefore, in determining whether counsel's fee request does not exceed the 25% ceiling, the correct total for retroactive benefits is $86,802.10. Twenty-five percent of $86,802.10 is

---

[1] Such a provision is permissible, as "fee awards may be made under both [EAJA and 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796 (internal citations and quotations omitted).

Page 3 – OPINION & ORDER

$21,700.53 – the exact amount requested. Therefore, the fee demand complies with the maximum fee allowed by statute.

An order for an award of benefits cannot be presumed to require a fee award of 25% of a claimant's retroactive benefits award, however, nor should the order for an award be viewed in isolation. Newton v. Colvin, 2013 WL 3119564 (D. Or. June 18, 2013). Counsel bears the burden to establish the reasonableness of the requested fee. Gisbrecht, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. Id. at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. Crawford, 586 F.3d at 1151 (citing Gisbrecht, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Supreme Court's analysis in Gisbrecht:

> 1. the character of the representation, specifically, whether the representation was substandard;
> 2. the results the representative achieved;
> 3. any delay attributable to the attorney seeking the fee; and
> 4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

Crawford, 586 F.3d at 1151–53 (citations omitted). The Ninth Circuit, in Crawford, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award. It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

*Character of representation and results achieved.* In this case, counsel obtained an order from this court reversing the ALJ's decision and a remand for immediate payment of benefits, results which can only be described as successful and wholly positive. Moreover, there is no record of unreasonable delay on counsel's part in an effort to "profit from the accumulation of benefits during pendency of the case in court." Gisbrecht, 535 U.S. at 808. Rather, the record demonstrates diligent prosecution of the plaintiff's case. Thus, the record provides no basis for a reduction in fee due to the character of counsel's representation and the results achieved.

*Delay in seeking fee.* Per Local Rule 4000-8 in the District of Oregon, "Plaintiff shall submit any application for attorneys' fees under 42 U.S.C. § 406(b) within 60 days after plaintiff's federal court attorney has received all of the Notices of Award which are necessary to calculate the total amount of retroactive benefits payable." Here, counsel received the Notice of Award on January 16. 2018 (#31-C), and counsel filed the application for the requested fee on March 14, 2018. Thus, counsel's March 14, 2018 filing date was timely and appropriate.

*Proportionality of benefits to time spent on case.* A district court may reduce a section 406(b) award if "benefits ... are not in proportion to the time spent on the case." Crawford, 586 F.3d at 1151 (citing Gisbrecht, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order." Gisbrecht, 535 U.S. at 808.

The time records submitted with the plaintiff's motion indicate that attorney Kathryn Tassinari expended 23.55 hours in this case (16.95 hours in 2016; 6.50 hours in 2017; 0.50 hours in 2018). An expenditure of 23.55 hours falls within the twenty to forty hour range Judge Michael W. Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r,* 497 F.Supp.2d 1214, 1215 (D. Or.

2007) (noting "some consensus among the district courts" on this point; citing cases). Judge Mosman agreed that "[a]bsent unusual circumstances or complexity, . . . this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable." *Id.* In the present case, the administrative record was 444 pages long. The plaintiff's opening brief was fifteen pages long, and raised three issues requiring analysis of the evidence and applicable law related to the ALJ's evaluation of the evidence. After review of the Commissioner's eleven-page brief, the plaintiff filed an eight-page reply. The attorneys' time records indicate the time expended by counsel in this case was reasonable, and the court so finds.

A fee of $21,700.53 for 23.55 hours of work would result in an effective hourly rate of $921.46 per hour. Tassinari does not offer evidence of her normal hourly rate, but the Oregon State Bar 2017 Economic Survey provides that the median rate for an attorney with Tassinari's experience (21-30 years) is $300 per hour. Therefore, the effective hourly rate in this case is approximately 3.1 times the reasonable hourly rate for non-contingency work. In 2016, Judge Papak found a fee for Tassinari reasonable and proportional with an effective rate of $967.26, which was approximately 3.7 times the constructive reasonable hourly rate in that case. *Hall v. Colvin*, No. 6:14-CV-1410-PK, 2016 WL 3410182, at *4 (D. Or. June 15, 2016). Counsel also points to *Crawford* to support the reasonableness of the requested fee. *See,* 586 F. 3d 1142 (holding that it was an abuse of discretion for the district court to reduce two fee requests resulting in effective rates of $875 per hour (the *Crawford* matter) and $902 per hour (the companion case of *Trejo*). Therefore, considering all the appropriate factors and precedent, the court finds the requested fee reasonable.

/ / /

/ / /

## CONCLUSION

Based on the foregoing analysis, the Motion for Attorney Fees (#31) is GRANTED. Counsel should be awarded $11,232 under Section 406(b), the amount left after subtracting the $4,559.20 in EAJA fees and $5,909 for work at the administrative level that have already been paid to counsel.

DATED this 14 day of June, 2018.

MARK D. CLARKE
United States Magistrate Judge